IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HEATHER LOVE ROWLEY,

        Plaintiff,

vs.                                          CIVIL NO. 98-1154 SC/LFG

JOHN PATERNOSTER, individually,
and in his official capacity as Eighth
Judicial District Attorney, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY

THIS MATTER is before the Court on Plaintiff Heather Love Rowley's ("Rowley") Consolidated Motion to Compel Discovery [Doc. 56]. Rowley seeks the Court's order compelling Defendants to respond to Interrogatory No. 1, Request for Production Nos. 14, 15, 16, 17, 19, 23, 24, 25, 26, 27, 34, 35, 30, 31, 32, 36, 37, 40 and 41, and Request for Production Nos. 2, 3, 4, 5, 6, 7, 8, 10 and 11. Defendants oppose the motion. In accord with the district's motion practice rule, the motion, response and reply were simultaneously filed. Oral argument is not necessary. This matter may be resolved on the parties' submission.

### Discovery Standards

Discovery requests in federal courts are liberally construed. This is so because the federal rules of discovery are designed in part to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." United States v. Procter & Gamble Co., 356 U.S. 677, 682, 78 S. Ct. 983, 986-87 (1958)(citing Hickman v. Taylor,

329 U.S. 495, 501, 67 S. Ct. 385, 388 (1947)). Thus, the Court generally construes the discovery rules liberally to ensure that the parties have an opportunity to discover relevant evidence prior to trial for purposes of evaluating a case for settlement, and if the case does not settle, to prepare to meet the proofs at trial.

While a party's right to discovery is broad and liberal, it is not without limits. Indeed, significant modifications to the rules of civil procedure were enacted as a result of wide-spread discovery abuses. Unfortunately, many attorneys were utilizing discovery for improper purposes. Rather than seeking to discover the facts of a case so as to effectively, efficiently, and economically present facts and defenses, many attorneys were utilizing discovery as an unfair litigation tactic. The goal was to inundate one's opponent with frivolous requests and demands, to impose extraordinary burdens on one's opponent, and to drive up the costs of litigation so as to compel concessions. Due to nation-wide protests about these impermissible litigation tactics, the enactment of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.* ("CJRA"), and the amendments to the Federal Rules of Evidence resulted. Both the CJRA and the amended rules call for "court-monitored" discovery to prevent abuses, to expedite the ultimate disposition of litigation, and to reduce the costs of the litigation process. As a result, courts are mindful of their obligations to ensure that a party's discovery requests are being pressed for legitimate purposes, and, further, courts are careful to balance the right of a party to broad and liberal discovery with the opposing party's right to be free from vexatious, burdensome, and unwarranted intrusions into private matters. a right confirmed in Griswold v. Connecticut, 381 U.S. 479, 85 S. Ct. 1678 (1965).

The discovery dispute in the present case is even more significant because of Defendants' contentions that this case has more to do with counsel's personal and political antagonisms than with

2

Rowley's claims of constitutional deprivation. Rowley's counsel, Samuel Herrera ("Herrera"), is involved in a hotly-contested political contest with his opponent, Defendant John Paternoster ("Paternoster"), who alleges that Herrera has vilified him in the press and has contended that Paternoster is a racist and "Mark Furhman's best friend."[1]

During a recent Rule 16 hearing, Paternoster argued that Herrera's motive in this lawsuit is to embarrass, vilify and smear him in the campaign for District Attorney. Paternoster argues that Herrera faxed a copy of the complaint to the newspapers when it was filed and that Herrera's discovery demands relate more to the political issues that separate them than to the issues in this lawsuit.

Additionally, at the Court's prior Rule 16 conference, Defendant Backus advised that attorney Herrera's romantic overtures towards her, and his requests to engage in a romantic relationship with Backus, were rebuffed and that Herrera's lawsuit against her and his discovery requests represent the fury of a spurned lover and have little to do with legitimate and appropriate litigation.

## Present Motion

In Interrogatory No. 1, Rowley asks for the name, address, social security number, date of birth, driver's license number, marital status and occupation of the person answering the interrogatories. In response, Defendant Paternoster provided his name, post office drawer, office address number, and date of birth. He declined to provide his social security number, driver's license number and home address. Paternoster states that he is a District Attorney who has prosecuted or overseen the prosecution of many individuals, and disclosure of his home address serves no legitimate

---

[1] Police officer Mark Furhman was a chief investigating officer in the highly publicized murder case involving O. J. Simpson. During the course of the trial, Furhman's alleged racial antagonism, use of derogatory terms and racial epithets are alleged to have played a significant role in the trial's outcome.

purpose, and places him and his family in jeopardy. Further, Paternoster argues that providing a social security and a driver's license number affords others a realistic opportunity to improperly utilize that information or create mischief. The Court agrees. There is no legitimate need for Rowley to have Paternoster's driver's license or social security number. Paternoster's identity is not disputed. Moreover, Rowley's claimed reason for requesting Paternoster's home address is not compelling.

Rowley claims that the reason for seeking home address information is to demonstrate that the home where he resides belongs to someone else, and "such information is relevant and discoverable to show pattern of conduct in rewarding his political friends; is relevant to bias, credibility and motive." The Court rejects the request. The danger in releasing such information concerning a prosecuting attorney is obvious. The Court finds no legitimate purpose in providing this information, and notes that the request for information has more to do with determining political relations between Paternoster and others than with the facts of this case.

In Request for Production Nos. 14, 15 and 16, Rowley asks Defendants to produce the personnel files of Sarah Backus, Frank Padilla and Donald Gallegos. Defendants contend that the files are irrelevant to the issues and are privileged.

An individual's interest in preventing disclosure of personnel matters by the government is within the zone of privacy protected by the Constitution. Flanagan v. Munger, 890 F.2d 1557, 1570 (10th Cir. 1989)(citing Whalen v. Roe, 429 U.S. 589, 599 & n. 24 (1977)). The Due Process Clause "implies an assurance of confidentiality with respect to certain forms of personal information possessed by the state." Mangels v. Pena, 789 F.2d 836, 839 (10th Cir. 1986). However, the right to confidentiality of matters contained in personnel files is not absolute. Denver Policemen's Protective Ass'n v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981). To determine whether

information contained in a personnel file is so personal or sensitive as to warrant protection, courts apply a three-prong balance test. Id.  Under the Denver Policemen's Protective Association test, the Court must consider "(1) if the party asserting the right has a legitimate expectation of privacy, (2) if disclosure serves a compelling state interest, and (3) if disclosure can be made in the least intrusive manner." Id. at 435.

The Court may not conduct this balancing test in a vacuum, but must review the personnel files to ensure that privileged and irrelevant personal information is not disclosed.  The preferred procedure is to direct production of the Backus, Padilla and Gallegos personnel files for an *in camera* inspection.  The Court will review the files and determine what portions, if any, should be produced to Rowley.  Accordingly, Defendants are directed to submit copies of the three personnel files to the Court for an *in camera* inspection within ten days.

In Request for Production No. 17, Rowley asks for the personnel records of all employees listed in answers to interrogatories.  Unlike the previous requests for personnel files, the Court determines that the personnel files of non-defendants are simply not relevant in this case, and their production would not likely lead to the discovery of other relevant information.  Therefore, the request to produce personnel files of all other individuals is denied.

In Request for Production No. 19, Rowley asks for "copies of any political literature or advertisements published by you or your campaign for your election for District Attorney in the 1996 primary and general elections."  This request gives credence to Paternoster's contention that this lawsuit has more to do with political antagonisms and an up-coming election than with the facts in this case.  The Court finds no relevance in this request for production and sustains Defendant's objections.

5

In Request for Production No. 23, Rowley seeks records or computer information concerning complaints against prosecutors in the Eighth Judicial District Attorney's office during Paternoster's tenure, including complaints concerning Padilla, Gallegos, Backus and John Day. Since the Court already ordered production of the personnel files of the named Defendants for an *in camera* inspection, complaints, if any, would be contained within those files and the Court will determine whether records should be produced, if they exist. To the extent that this request for production seeks information about Paternoster's supervision of the office and complaints against other assistant district attorneys, this portion of the request again appears to be directed to attorney Herrera's political campaign and not necessarily related to this lawsuit. The Court sustains Defendants' objections, but notes that if there are complaints contained in the personnel files, the Court may order that those complaints be produced to Rowley. That decision will be determined on the Court's *in camera* inspection of the personnel files.

In Request for Production No. 24, Rowley seeks records, reports, documents or writings involving civilians charged with stalking or aggravated battery with a deadly weapon from January 1997 to the present date. The issue in this case is not whether other civilians have or have not been charged, but whether the charges against Rowley were "falsely sworn" or not. The Court determines that the relevancy of charges against other individuals is not outweighed by the burdens of a wholesale review of an office's criminal prosecutions for a three-year period. The Court sustains Defendants' objections.

In Request for Production No. 25, Rowley asks for a roster of all attorneys, prosecutors, employees and agents employed by the Eighth Judicial District Attorney's office from January 1, 1997 to the present. While discovery of potential witnesses is an appropriate area for inquiry, that is not

6

the information that Rowley seeks. Indeed, Rule 26 disclosures in this case have already been made and, presumably, Rowley has been provided with the names and addresses of individuals who have knowledge of the disputed issues. The Court determines that this request is far too broad and is not calculated to lead to discoverable evidence, especially in light of the fact that Rule 26 disclosures have already been made. The Court sustains Defendants' objections.

In Request for Production No. 26, Rowley asks for an organizational chart and/or documents relating to the chain of command in the Eighth Judicial District Attorney's office from 1997 to the present. This information would be relevant for purposes of determining supervisory liability. However, it is undisputed that Paternoster is the District Attorney and the supervisor for all assistant district attorneys in the office. Indeed, Defendants' answer admits this allegation. Discovery is not necessary when there is not a factual dispute. The Court sustains the objection.

In Request for Production No. 27, Rowley seeks "all police manuals, special orders, employee handbooks, command/operational memos, orders and directives governing the operation of the Eighth Judicial District Attorney's office and its employees for the period of time from January 1, 1997 to the present." This request is far too broad. Rowley did not limit her request to matters relating to her charges or to any specific issue in the case. Requiring a defendant to provide wholesale access to every order, directive, manual, handbook, etc. serves only to impose substantial burdens on a defendant. Had Rowley's request been carefully tailored to the information necessary to prove her claim, the Court would have deemed the request relevant. Here, in asking for too much, the Court declines to impose such onerous burdens on Defendants. The Court sustains the objection.

In Third Request for Production Nos. 34 and 35, Rowley asks for written memoranda, reports, correspondence, documents, photographs, video or audio tapes or other writings or

7

recordings relating to the incidents described in Count 1 of the complaint. In this request, unlike Rowley's previous request, she has limited her request for information to those items relating to the specific charges brought against her. The Defendants, in turn, produced their entire District Attorney's file. Rowley has failed to demonstrate that there are items responsive to this request which have not been produced, nor will the Court presume that the Defendants misrepresented what was produced. The Court sustains the objections.

In Request for Production No. 36, Rowley asks for a vast amount of information relating to a case captioned State of New Mexico ex rel. John Paternoster v. James Marchette, 98-125. Defendants object to the production of documents based on relevancy. The Court agrees. To the extent Rowley believes that documents in another lawsuit are relevant to this case, those documents are public record and are as readily available to her as they are to Defendants. The Court sustains Defendants' objections.

In Request for Production No. 37, as in Request No. 36, Rowley seeks information concerning State of New Mexico v. Jack and Laurie Cartwright, 95-96. For the reasons stated above, the Court sustains the objections. Those documents, again, are as available to Rowley as they are to Defendants.

In Request for Production No. 40, Rowley asks for "copies of all your Secretary of State monetary contribution reports, in kind contribution reports, expenditure reports, special event work sheets, draft, prepared or submitted to the New Mexico Secretary of State for your primary and general election campaign for Eighth Judicial District Attorney in 1995 and 1996."

To the extent Rowley seeks public records, they are available from the Secretary of State. This request, as a whole, corroborates Paternoster's claims that attorney Herrera's motivation may

have more to do with the political contest than with the issues of this case. Defendant's objection is sustained.

In Request for Production No. 41, Rowley seeks the production of an "internal investigation" allegedly conducted in a civil lawsuit brought against the District Attorney's office. Defendant objects to the production. Rowley has not demonstrated how an investigative report in some other lawsuit would have any bearing on the facts in this case. Additionally, Defendants state, "To my knowledge, there is no written document or report regarding an internal investigation referred to by Mr. Schneider, an attorney representing the District Attorney's office in a civil matter." Rowley has not demonstrated how an attorney investigator's report in another case has any bearing on the present lawsuit. The Court sustains the objection.

In Request for Production No. 2, Rowley seeks copies of all grievances, tort claims and tort claim notices, complaints and suits filed against the Eighth Judicial District Attorney's office, Defendants Gallegos, Backus, Padilla, Martinez or any employee of the District Attorney's office since January 1, 1996.

Defendants argue that they have provided full disclosure of this information in answers to interrogatories. Rowley, in turn, argues that disclosure is necessary not only in responses to interrogatories, but in response to requests for production of documents as well. The Court agrees. To the extent there are documents relating to Defendants' answers to interrogatories responsive to this complaint, Defendant shall make available for Rowley's inspection, at Defendant's offices, any tort claim or tort claim notices it has received since January 1, 1996. The Court will require Defendant to have available for Rowley's inspection tort claims, tort claim notices, or civil complaints naming the District Attorney's office, Gallegos, Backus, Padilla, Martinez or other employees of the

9

District Attorney's office as defendants. The Court will not require production of "all grievances."

In Request for Production Nos. 3 and 4, Rowley seeks extensive documentation relating to another lawsuit, State v. Heidi Leaf, No. 98-22 CR. The Court concurs with Defendant's objections. The information sought is neither relevant nor calculated to lead to the discovery of relevant, admissible evidence. It appears to be calculated only to harass and vex Defendants. The Court sustains the objections.

In Request for Production Nos. 5, 6, 7 and 9, Rowley seeks any and all documents and materials relating to various individuals, including Jon Ubl, Alex Trujillo, Pablito Red Trujillo, Jack Cartwright, Laurie Cartwright and Grant Riley. The information sought is extensive, including all documents containing their names, all physical evidence relating to them, all photographs, all reports of crimes or criminality, police examinations, tests, analysis, videos, diagrams, memoranda, investigative reports, incident reports, radio calls, mug shots, witness statements, recorded statements, booking statements and pleadings. Yet, nowhere in the motion does Rowley identify who these individuals are or how information relating to them is relevant to the lawsuit. Rowley has not indicated that she has sought to take the deposition of these witnesses nor shown any nexus between these individuals and Rowley's lawsuit. The Court determines that Rowley has failed to demonstrate the relevancy, and the scope of discovery is so overly broad, burdensome and onerous that the Court will sustain the objections.

The final matter concerns Request for Production No. 11, in which Rowley seeks extensive documentation and information on a criminal case captioned State v. Abe Paul. As with the prior requests, Rowley has failed to demonstrate how any information in another criminal case is relevant to this lawsuit, or how the production of the massive amounts of information sought is reasonable.

Even in the face of Defendants' objection, Rowley fails to specifically respond to Defendants' objection concerning why this information is relevant, admissible evidence. The Court sustains Defendants' objections.

In sum, the Court has sustained virtually all of Defendants' objections. Insofar as it has ordered the production of the personnel files, those are to be submitted to the Court for an *in camera* inspection within ten days. Similarly, to the extent the Court directed Defendants to produce for inspection, at the District Attorney's office, documents which may be relevant to tort claims and other lawsuits, those documents are to be made available for Rowley's inspection within the ten-day period.

_____
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEY FOR PLAINTIFF:
Samuel Herrera, Esq.

ATTORNEYS FOR DEFENDANTS:
W. Ann Maggiore, Esq.
Jerry A. Walz, Esq.